UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY ARMSTRONG,

                       Plaintiff,

      v.                                                           9:16-CV-0478
                                                                                   (GLS/CFH)

C. MILLER et al.,

                       Defendants.

---

APPEARANCES:

ANTHONY ARMSTRONG
12-B-0172
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

      The Clerk has sent to the Court for review a civil rights complaint filed by pro se plaintiff Anthony Armstrong pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 2 ("Compl."); Dkt. No. 7 ("IFP Application"). Plaintiff has also filed a motion for preliminary injunctive relief. Dkt. No. 10. Plaintiff, who is currently incarcerated at Great Meadow Correctional Facility, has not paid the filing fee required for this action.

## II. DISCUSSION

### A. IFP Application

Plaintiff has submitted a completed and signed IFP Application (Dkt. No. 7) which demonstrates economic need. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has also filed the inmate authorization form required in this District. Dkt. No. 3. Accordingly, plaintiff's IFP Application is granted.[1]

### B. Initial Screening

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from a governmental entity or an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to

---

[1] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v.Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

proceed with this action in forma pauperis. *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

Although the court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond," *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the Court also has a responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before permitting him to proceed.[3]

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[3] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915(e) is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Id.* at 325.

3

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### C. Summary of the Complaint

Plaintiff alleges wrongdoing that arose while he was incarcerated at Great Meadow Correctional Facility ("Great Meadow C.F."). *See generally* Compl. Some or all of the alleged wrongdoing occurred while plaintiff was housed in the Residential Mental Health Unit (RMHU). The following facts are set forth as alleged by plaintiff in the complaint.

Between 2013 and 2015, plaintiff was prescribed 300 milligrams of Thorazine. Compl. at 5. Between July 2015 and January 2016, his Thorazine dosage was lowered, but "[t]hen raised once again in January, 2016." *Id*. On January 13, 2016, defendant Dr. Pal told plaintiff that his medications would "be switched entirely once [plaintiff] was slowly taken off of Thorazine." *Id*. Defendant Pal told plaintiff that she did not know why plaintiff was taking Thorazine, and once weaned off of it, plaintiff would receive 100 milligrams of Depacote. *Id*. Defendant Pal told plaintiff that Depacote would help plaintiff with his mood swings "and make [him] happy." *Id*. This was sanctioned by defendants Ives (a therapist) and Jackson (a

4

unit chief). *Id*. Previously, plaintiff had been "working with" defendants Milenski, Salon, Ahuja, Woodberry, Batu, Baptista, and Jackson. *Id*. at 5-6. Plaintiff's previous diagnosis of anti-social personality disorder was changed to his current diagnosis of severe depressive disorder, and his mental health level dropped from Level 1 to Level 2. *Id*. at 6.

Plaintiff participated in the intermediate care program (ICP) from 2014 to 2016.[4] Compl. at 6. When plaintiff was removed from ICP in 2016, he began experiencing suicidal thoughts. *Id*. Plaintiff also had suicidal thoughts prior to his admittance in ICP in 2014. *Id*. Plaintiff went to Albany Medical Center "on numerous occasions for suicide attempts." *Id*. When he filed this action, plaintiff was housed in solitary confinement to serve ninety days and had "two additional misbehavior reports pending." *Id*. Plaintiff is experiencing chest pains, heart related problems, shaking, and hallucinations because he is "continuously being denied [his] rights as a RMHU - Residential Mental Health Unit participant." *Id*.

Construing the complaint liberally, plaintiff asserts that he was denied adequate medical or mental health care in violation of his rights under the Eighth Amendment to the United States Constitution. Plaintiff requests monetary damages and injunctive relief. Compl. at 6.[5] For a more complete statement of plaintiff's claims, refer to the complaint.

**D. Analysis**

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of

---

[4] "The intermediate care program (ICP) is a program that includes a separate housing location within a correctional facility designed to address the corrections-based therapeutic treatment of inmates currently diagnosed with what is, generally, a serious mental illness. The ICP is a therapeutic community which provides rehabilitative services to inmates who are unable to function in general population because of their mental illness. The goal of the program is to improve the inmates' ability to function through programming and treatment so that they may return to general population." 7 N.Y.C.R.R. § 320.4.

[5] Plaintiff requests "a complete . . . physical examination" to determine the cause of his chest pains, heart related problems, shakes, and hallucinations and "the opportunity to participate in the RMHU." *Id*.

5

action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to maintain a Section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id*.

It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). "[A] Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). "[V]icarious liability is inapplicable to . . . § 1983 suits." *Iqbal* 556 U.S. at 676.

To state an Eighth Amendment claim for medical indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference has two necessary components, one objective and the other subjective. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). The objective component of an Eighth Amendment deliberate indifference claim "requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway*, 99 F.3d at 553) (internal quotation marks omitted). Under the subjective element, medical mistreatment rises

6

to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F. 3d 698, 703 (2d Cir. 1998) (quoting *Hathaway*, 99 F.3d at 553).

"Deliberate indifference requires more than negligence but less than conduct undertaken for the very purpose of causing harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (1994). The inmate must demonstrate that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. at 835; *see Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (explaining, with respect to the subjective element, a plaintiff must demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'"). An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Moreover, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Id*. Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*; *see Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.").

Conclusory allegations that defendants were aware of a plaintiff's medical needs and failed to provide adequate care are generally insufficient to state an Eighth Amendment claim of inadequate medical care. *See, e.g.*, *Gumbs v. Dynan*, No. 11-CV-0857, 2012 WL 3705009, at *12 (E.D.N.Y. Aug. 26, 2012) ("conclusory allegations that the defendants were

7

aware of plaintiff's medical needs and chronic pain but failed to respond are generally not sufficient proof of defendant's deliberate indifference and cannot survive a Rule 12(b)(6) motion to dismiss") (citing *Adekoya v. Holder*, 751 F. Supp. 2d 688, 691 (S.D.N.Y. Nov. 12, 2010) (finding conclusory allegations that medical staff defendants were aware of plaintiff's medical needs and failed to provide adequate care insufficient to defeat a motion to dismiss a claim of inadequate medical care)).

Additionally, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703. "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id.*; *Graham v. Gibson,* No. 04-CV-6088, 2007 WL 3541613, at *5 (W.D.N.Y. Nov. 14, 2007) ("Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation."). Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001); *see Estelle*, 429 U.S. at 107 (noting that medical decisions such as whether or not to order X-rays or other "diagnostic techniques" do not rise to the level of cruel and unusual punishment but are, at most, indicative of medical malpractice).

### 1. Eighth Amendment Claims Relating to Plaintiff's Mental Health Needs

#### a. Defendants Milenski, Salon, Ahuja, Woodberry, Batu, and Baptista

With respect to defendants Milenski, Salon, Ahuja, Woodberry, Batu, and Baptista, plaintiff only alleges that "[i]n the past [he] was working with them." Compl. at 5. Plaintiff

8

fails to allege any sort of claim against defendants Milenski, Salon, Ahuja, Woodberry, Batu, and Baptista, let alone a claim of constitutional dimension.[6]

Defendants Milenski, Salon, Ahuja, Woodberry, Batu, and Baptista, and all claims against them, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### b. Defendant Miller

Defendant Miller is not mentioned anywhere in the body of the complaint. "Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Buffardi*, No. 9:06-CV-889 (GTS/DRH), 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of New York*, No. 97 CIV. 2246, 1998 WL 382055, at *2 (S.D.N.Y. Jul. 9, 1998)); *see also Crown v. Wagenstein*, No. 96 CIV. 3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York,* 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same). Plaintiff's claim against defendant Miller appears to be grounded simply on the fact that he is in charge of Great Meadow C.F., which is insufficient by itself to state a claim against him. If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501. In other words, supervisory officials may not be held liable merely because they held a position

---

[6] In fact, it appears from the context of plaintiff's allegations that he was satisfied with his previous mental health care while "working" with these defendants. Compl. at 5-6.

9

of authority. *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

Defendant Miller, and all claims against him, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### c. Defendants Pal, Ives, and Jackson

Plaintiff complains that defendant Pal, with the approval of defendants Ives and Jackson, changed his medication from Thorazine to Depacote after defendant Pal diagnosed plaintiff as suffering from severe depressive disorder rather than from anti-social personality disorder. Compl. at 6-7. Although not entirely clear, construing the complaint liberally, plaintiff may allege that as a result of defendant Pal's new diagnosis, plaintiff's mental health level changed from Level 1 to Level 2 and he was removed from ICP. *Id*. Even assuming that plaintiff alleges that he suffers from a serious mental health need, plaintiff's allegations that defendants Pal, Ives, and Jackson changed plaintiff's diagnosis, discontinued his previous medication and replaced it with another, or that as a result of their actions, plaintiff was removed from IPC are nothing more than a disagreement with the nature of treatment, and are insufficient to state an Eighth Amendment claim. *See Chance*, 143 F.3d at 703 ("[M]ere disagreement over the proper treatment does not create a constitutional claim."); *Harris v. Westchester Cnty. Med. Ctr.*, No. 08 Civ. 1128, 2011 WL 2637429, at *3 (S.D.N.Y. July 6, 2011) (The decision to prescribe one form of medication in place of another does not constitute deliberate indifference to a prisoner's serious medical needs. ); *Wright v. Conway*, No. 05-CV-6723, 584 F. Supp. 2d 604, 607 (W.D.N.Y. Nov. 5, 2008) ("[the plaintiff's] complaints demonstrate no more than his personal dissatisfaction with the level of care that

he received, and these claims must therefore be dismissed.").[7]

Finally, the complaint contains no facts to plausibly suggest that defendants Pal, Ives, or Jackson acted with the requisite intent. Simply stated, there are no facts to plausibly suggest that defendants Pal, Ives, or Jackson culpably and deliberately disregarded plaintiff's mental health needs in making decisions to change plaintiff's diagnosis, medication, or level of care.

Plaintiff's Eighth Amendment claims that defendants Pal, Ives, and Jackson were deliberately indifferent to his serious mental health needs are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Eighth Amendment Claims Relating to Plaintiff's Physical Health Needs

Plaintiff also alleges that he suffers from chest pains, heart related problems, shaking, and hallucinations which are not being treated. Compl. at 6. Plaintiff does not attribute this alleged wrongdoing to any defendant. Even if plaintiff were to associate this alleged wrongdoing with one of the defendants, his claim nevertheless fails because this conclusory allegation is insufficient to plausibly suggest that any defendant evinced the requisite intent, namely deliberate indifference.

Plaintiff's Eighth Amendment claims that defendants were deliberately indifferent to his serious physical health needs are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

---

[7] The Court notes that "[t]he decisions of physicians regarding the care and safety of patients are entitled to a presumption of correctness." *Kulak v. City of New York*, 88 F.3d 63, 77 (2d Cir. 1996) (citing *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982)); *see also Mendoza v. McGinnis,* No. 9:05-CV-1124 (TJM/DEP), 2008 WL 4239760, at *11 (N.D.N.Y. Sept. 11, 2008) (same).

### E. Opportunity to Amend

Based upon the foregoing, the Court finds that the complaint fails to state one or more claims against the defendants upon which relief may be granted by this Court. As a result, the complaint is dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). In light of his pro se status, the Court will afford plaintiff the opportunity to file an amended complaint. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). In any amended complaint that plaintiff submits in response to this Decision and Order, he must set forth a short and plain statement of the facts on which he relies to support his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated his constitutional rights. Plaintiff is advised that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

Plaintiff is forewarned that, if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### F. Motion for Preliminary Injunctive Relief

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589

F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore*, 409 F.3d at 511.

Initially, the Court notes that plaintiff has requested direction on how to submit a motion for preliminary injunctive relief. Dkt. No. 8. Plaintiff has since filed such a motion, therefore his request is denied as moot.

Turning to plaintiff's motion for preliminary injunctive relief, plaintiff requests the Court's assistance claiming that he is being harassed and subjected to cruel and unusual conditions of confinement at Great Meadow C.F. because he filed this action. *See generally*

13

Dkt. No. 10. The Court has found that the complaint filed by plaintiff is insufficient and that an amended complaint must be filed for this action to proceed. Without a valid complaint, plaintiff can not possibly establish that his claim has a likelihood of success on the merits of the claim or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. Therefore, the Court denies plaintiff's motion for injunctive relief without prejudice to renew if and when he submits an amended complaint, which is accepted for filing.

Plaintiff also asks what "steps [he has] to take to stop [this] lawsuit." Dkt. No. 10 at 1. If plaintiff wishes to withdraw this lawsuit, he may file a motion requesting to voluntarily dismiss this action.[8]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 7) is **GRANTED**[9]; and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility designated by plaintiff as his current location with a copy of plaintiff's authorization form (Dkt. No. 3), and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District of New York the statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk shall provide a copy of plaintiff's authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

---

[8] Plaintiff is reminded, however, that even if he voluntarily dismisses this action, because his IFP Application has been granted, he will still be required to pay the full filing fee of $350.00 over time through withdrawals from his inmate account. *See* Dkt. No. 3, Prisoner Authorization form.

[9] Plaintiff should note that although his IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

14

**ORDERED** that, if plaintiff wishes to proceed with this action, he must file a signed amended complaint as directed above **within thirty (30) days** from filing date of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that plaintiff's letter motion (Dkt. No. 8) is **DENIED** as moot; and it is further

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

June 2, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge